UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS WITTE,<br><br>   Plaintiff,<br><br>   v.<br><br>WELLS FARGO HOME MORTGAGE;<br>WACHOVIA MORTGAGE; WELLS<br>FARGO BANK, N.A.,<br><br>   Defendants. | No. 2:16-cv-691-KJM-EFB PS<br><br><br>FINDINGS AND RECOMMENDATIONS |

This matter is before the court on defendant Wells Fargo Bank, N.A.'s motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.[1] ECF No. 8. For the reasons explained below, defendant's motion must be granted.[2]

I.   Factual Allegations

Plaintiff's complaint asserts claims for (1) violation of the Truth in Lending Act ("TILA"); (2) rescission of loan transaction under California Civil Code § 1689; and (3) wrongful foreclosure. He alleges that in August 2006, plaintiff executed a promissory note in favor of World Savings Bank. ECF No. 1 ¶ 8. The note was secured by a deed of trust recorded against

---

[1] This case, in which plaintiff is proceeding pro se, is before the undersigned pursuant to 28 U.S.C. § 636(b)(1) and Eastern District of California Local Rule 302(c)(21).

[2] The court determined that oral argument would not materially assist in the resolution of the pending motions and the matter was ordered submitted on the briefs. *See* E.D. Cal. L.R. 230(g).

1

1 real property located at 9152 Shady Hollow Way, Fair Oaks, California (the "subject property").
2 *Id*. ¶ 8, Exs. 2-3.  Plaintiff made payments on the note to World Savings Bank up until January
3 2008, at which time World Savings Bank merged with Wachovia Mortgage.  *Id*. ¶ 11.  Thereafter,
4 Wachovia merged with defendant Wells Fargo.  *Id*.  In 2009, plaintiff and defendant agreed to a
5 loan modification.
6 　　　In July 2010, a notice of default was recorded, indicating that plaintiff was more than
7 $12,000 behind on his payments.  *Id*. ¶ 12, Ex. 4.  The following month, NDEx West, L.L.C.
8 ("NDEx") was substituted as the trustee under the deed of trust.  *Id*. at Ex. 5.  NDEx subsequently
9 recorded a Notice of Trustee's Sale, which set November 16, 2010 as the date for the sale of the
10 property.  *Id*. at Ex. 6.  Less than one week before the noticed sale date, plaintiff filed an action
11 against defendant Wells Fargo in the Sacramento County Superior Court and submitted a motion
12 to enjoin the trustee sale.  *Id*. ¶ 13.  The state court allegedly entered an order enjoining and
13 postponing the trustee sale.  *Id*. ¶ 15.  However, notwithstanding that order, on March 25, 2011,
14 NDEx sold the property at a Trustee's Sale to defendant Wells Fargo.  *Id*.  Wells Fargo
15 subsequently filed a wrongful detainer action, which resulted in plaintiff's eviction from the
16 subject property.  *Id*. ¶¶ 16, 19.
17 　　　Plaintiff claims that despite Wells Fargo's merger with World Savings Bank, it was not
18 the beneficiary under the deed of trust and therefore did not have the authority to direct NDEx to
19 foreclosure the subject property.  This is so, says plaintiff, because sometime after he signed the
20 promissory note and deed of trust, but prior to the recording of the deed of trust, World Savings
21 Bank assigned its interest in the note and deed of trust to the Bank of New York.  *Id*. ¶¶ 9, 26.
22 Plaintiff contends that since Wells Fargo was not the beneficiary under the deed of trust it lacked
23 the authority to commence foreclosure proceedings.
24 　　　Wells Fargo moves to dismiss pursuant to Rule 12(b)(6), arguing that plaintiff's claims
25 are barred by the doctrine of *res judicata* based on a previous action plaintiff filed in the
26 Sacramento County Superior Court.  ECF No. 8 at 2.[3]  Wells Fargo further argues that, apart from
27
28 　　　[3] Page numbers cited herein refer to those assigned by the court's electronic docketing system and not those assigned by the parties.

being barred by *res judicata,* plaintiff's TILA claim is time-barred and, in any event, fails to state a claim because he cannot seek rescission under TILA nor § 1689 on a note where the foreclosure has already been completed. *Id.* For the reasons set forth below, the motion must be granted.

II.     Rule 12(b)(6) Standard

To survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed. 2004)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Aschroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. *Jenkins v. McKeithem*, 395 U.S. 411, 421, *reh'g denied*, 396 U.S. 869 (1969). The court will "presume that general allegations embrace those specific facts that are necessary to support the claim.'" *Nat'l Org. for Women, Inc. v. Scheidler*, 510 U.S. 249, 256 (1994) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985). The Ninth Circuit has held that the less stringent standard for pro se parties is now higher in light of *Iqbal* and *Twombly*, but the court still continues to construe pro se filings liberally.

*Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, the court's liberal interpretation of a pro se litigant's pleading may not supply essential elements of a claim that are not pled. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Furthermore, "[t]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). Neither need the court accept unreasonable inferences, or unwarranted deductions of fact. *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

### III. Defendant's Request for Judicial Notice

Although the court must normally limit its consideration of a Rule 12(b)(6) motion to the text of the complaint itself and not look beyond the four corners of that document, the court may consider facts established by exhibits attached to the complaint, *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir.1987), and may further consider facts which may be established by judicial notice, *Mullis v. U.S. Bankr. Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987), and matters of public record, including pleadings, orders, and other papers filed with the court, *Mack v. South Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Here, defendant requests that the court take judicial notice of various documents submitted with their motion. ECF No. 8-1 (RJN Ex. A-L); ECF No. 14-1 (RJN Ex. M). Plaintiff objects to that request, arguing that it is not supported by a declaration signed under penalty of perjury authenticating the documents. ECF No. 9 at 3. Because of this he contends that "the documents and the facts contained therein are hearsay and not admissible." *Id*.

Federal Rule of Evidence 201(b) permits a court to take judicial notice of "a fact that is not subject to reasonable dispute because it: (1) is generally known within the territorial jurisdiction of the trial court; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Thus, a court may "take judicial notice of undisputed matters of public record, including documents on file in federal or state courts." *Harris v. Cnty. Of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012).

/////

4

1    Wells Fargo requests judicial notice of public records filed in the Sacramento County
2    Recorder's Office and court records from the Sacramento County Superior Court. RJN Exs. A,
3    B-M. Judicial notice of these court records is appropriate. *See MGIC Indem. Co. v. Weisman*,
4    803 F.2d 500, 504 (9th Cir. 1986); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980); *see*
5    *also*, *e.g., Hunt v. Check Recovery Sys. Inc.*, 478 F. Supp. 2d 1157, 1160–61 (N.D. Cal. 2007)
6    ("Judicial notice may be taken of 'adjudicative facts' such as court records [and] pleadings
7    . . . ."); *W. Fed. Sav. & Loan Ass'n v. Heflin Corp.*, 797 F. Supp. 790, 792 (N.D. Cal. 1992)
8    (taking judicial notice of documents in a county public record, including state court file and deeds
9    of trust); *Valasquez v. Mortgage Elec. Registration Sys., Inc.*, No. 08–3818 PJH, 2008 WL
10   4938162, at *2–3 (N.D. Cal. Nov. 17, 2008) (taking judicial notice of deed of trust and notice of
11   default). Moreover, defendant's counsel has submitted a declaration, signed under penalty of
12   perjury, attesting to the authenticity of the submitted documents. Declaration of Robert Bailey
13   (ECF No. 28 at 7-9). Therefore, the request is granted.
14   The court also takes judicial notice of letters from the Office of Thrift Supervision and
15   Comptroller of the Currency, reflecting that World Savings Bank changed its name to Wachovia,
16   and Wachovia subsequently merged with Wells Fargo. RJN Ex. B; *see Gens v. Wachovia Mortg.*
17   *Corp.*, 2010 WL 1924777, at *2 (N.D. Cal. May 12, 2010); *see also Nguyen v. Wells Fargo Bank,*
18   *N.A.*, 749 F. Supp. 2d 1022, 1035 (N.D. Cal. 2010) ("[J]udicially noticeable documents reveal
19   that the original lender, World Savings Bank, FSB, simply changed its name to Wachovia
20   Mortgage, FSB, and is now a division of Wells Fargo Bank, N.A.").[4]
21   IV.    Failure to State a Claim
22   Wells Fargo first argues that plaintiff's claims are barred by the doctrine of *res judicata*.
23   ECF No. 8 at 7-9.
24   Federal courts "are required to give state court judgments the preclusive effect they would
25   be given by another court of that state." *Brodheim v. Cry*, 584 F.3d 1262, 1268 (9th Cir. 2009)
26
27   [4] Plaintiff's complaint names three separate defendants. However, it is clear from the allegations in the complaint (*see* ECF No. 1 ¶ 11) and judicially noticeable documents (RJN Ex.
28   B) that the three named defendants are currently a single entity, Wells Fargo Bank, N.A.

5

(citing *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 84 (1984)).  In California, *res judicata*, or claim preclusion, bars a second lawsuit between the same parties on the same cause of action.  *People v. Barragan*, 32 Cal.4th 236, 252 (2004).  Collateral estoppel, or issue preclusion, bars the relitigation of issues that were actually litigated and determined in the first action.  *Id*. at 252-53.  The elements for applying either claim preclusion or issue preclusion to a second action are the same: "(1) A claim or issue raised in the present action is identical to a claim or issue litigated in a prior proceeding; (2) the prior proceeding resulted in a final judgment on the merits; and (3) the party against whom the doctrine is being asserted was a party or in privity with a party to the prior proceeding." *Id*. at 253 (internal quotations omitted).

Here, this plaintiff previously filed an action against the same defendant in the Sacramento County Superior Court.  *See* RJN Ex. E.  On November 15, 2013, the state court dismissed that action with prejudice and entered judgment against in favor of defendant Wells Fargo.  RJN Ex. G.  Thus, the only question here is whether the claims or issues plaintiff raises in the present action are the same as those litigated in state court.

Under California law a final judgment of a state court "precludes further proceedings if they are based on the same cause of action." *Maldonado v. Harris*, 370 F.3d 945, 952 (9th Cir. 2004).  Unlike the federal courts, which apply a "transactional nucleus of facts" test, "California courts employ the 'primary rights' theory to determine what constitutes the same cause of action for claim preclusion purposes." *Id*.  Under this theory, "a cause of action is (1) a primary right possessed by the plaintiff, (2) a corresponding primary duty devolving upon the defendant, and (3) a harm done by the defendant which consists in a breach of such primary right and duty." *City of Martinez v. Texaco Trading & Transp., Inc*., 353 F.3d 758, 762 (9th Cir. 2003) (citing *Citizens for Open Access to Sand & Tide, Inc. v. Seadrift Ass'n*, 60 Cal.App.4th 1053, 1065 (1998)). "[I]f two actions involve the same injury to the plaintiff and the same wrong by the defendant, then the same primary right is at stake even if in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery." *Eichman v. Fotomat Corp.*, 147 Cal.App.3d 1170, 1174 (1983).

/////

In his state court action, plaintiff alleged that Wells Fargo did not have authority to initiate foreclosure proceedings because it did not have an interest in the note and deed of trust. RJN Ex. M ¶ 37 (Sec. Am. Compl.) ("Plaintiff alleges Wells Fargo . . . was not the beneficiary of the note or DOT, does not own or have a legal interest in the note, is not the assignee or holder, by transfer and endorsement . . ., is not entitled to plaintiff's loan payments, and is not the entity entitled to enforce the security by the exercise of the power of sale in the DOT."; ¶ 38 ("Wachovia sold plaintiff's note on the secondary market to be used as collateral for securities . . . ."). In its order granting Wells Fargo's motion for judgment on the pleadings, the state court found that the operative complaint "fails to plead facts sufficient to state a valid claim of misrepresentation based on [Wells Fargo's] right to foreclose. Although plaintiff argues that note was assigned by the original lender, World Savings Bank ("WBS") [to the Bank of New York], the note attached to plaintiff's own request for judicial notice . . . itself indicates that proposed assignment was 'cancelled.'" RJN Ex. F. The court reiterated that "plaintiff's theory that the foreclosure sale was void as a result of the purported assignment of the note to [the Bank of New York] is infirm . . ." and ultimately concluded that plaintiff had failed to "plead facts to support plaintiff's contention that [Wells Fargo] had no right of foreclosure . . . ." *Id.*

Similarly, in this action plaintiff again advances his theory that the assignment voided the note. He alleges that the "facts of the loan transaction show that World Savings did not loan its own funds to Plaintiff because it assigned the promissory note to Bank of New York before the deed of trust was recorded." ECF No. 1 ¶ 31. He further alleges that the "note and assignment were not recorded and Plaintiff was not informed of the assignment. The assignment was made to BNY in its own name and not as the trustee for the World Savings Bank Trust (WSBT) even though BNY has stated that it accepted the assignment as the trustee of the WSBT." *Id.* Plaintiff further alleges that because World Savings assigned the note to the Bank of New York in August 2006, Wells Fargo did not have the right to demand plaintiff's performance under the note. *Id.* ¶ 32.

Thus, in both actions plaintiff claimed that Wells Fargo lacked authority to complete foreclosure proceedings due to a prior assignment of the deed of trust. As the injury involved and

1    defendant's alleged wrongful conduct are the same, the same primary right is implicated.

2    Accordingly, under California's primary rights theory, plaintiff's state and federal "causes of

3    action" are the same. *See Harper v. City of Monterey*, 2012 WL 195040, at *5 (N.D. Cal. Jan. 23,

4    2012).

5      Nonetheless, plaintiff advances several arguments as to why *res judicata* does not bar his

6    claims. First, he argues that Wells Fargo may not raise a defense of *res judicata* in a Rule

7    12(b)(6) motion because the case presents factual disputes. ECF No. 9 at 4; *see Scott v.*

8    *Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984) ("Ordinarily affirmative defenses [such as *res*

9    *judicata*] may not be raised by motion to dismiss . . . but this is not true when, as here, the defense

10   raises no disputed issues of fact."). Plaintiff is mistaken. The elements for application of *res*

11   *judicata* are established here by the text of the complaint and judicially-noticed facts. Plaintiff's

12   real quarrel is with taking judicial notice of the state court documents submitted by Wells Fargo.

13   In conclusory fashion he states that he "disputes the facts contained in those documents." ECF

14   No. 9 at 5-6. However, as discussed above, the state court records are the proper subject of

15   judicial notice and may be considered by this court in determining whether the earlier action

16   presented the primary rights as asserted here so as to constitute the same causes of action.

17     Plaintiff next contends that *res judicata* does not apply because he "did not become aware

18   of the true facts of the loan transaction until April 4, 2013, when Wells Fargo disclosed that the

19   original promissory note had been indorsed and assigned to the Bank of New York." ECF No. 9

20   at 2, 6-7. Plaintiff apparently contends that he could not have raised the claims asserted in this

21   action in his prior state court action due to a delay in discovering all material facts. This position,

22   however, is belied by the record before the court.

23     The state court specifically addressed plaintiff's argument that he obtained new evidence

24   concerning the loan transaction in April 2013. After the state court entered judgment, plaintiff

25   filed a motion for a new trial, arguing that he was entitled to relief in light of his "recent

26   discovery of new evidence." RJN Ex. H. Specifically, plaintiff argued that the promissory note

27   he signed in 2006 was indeed assigned to the Bank of New York, but that he did not discover the

28   assignment until April 2013. *Id*. He argued that in light of the assignment, Wells Fargo had no

standing to initiate foreclosure proceedings. *Id*. The state court denied the motion, finding that plaintiff had discovered the "new evidence" eight months before entry of judgment, but yet "failed to exercise any diligence in seeking leave to amend his complaint based on his discovery." *Id*. The order also denied the requested relief because "the purported assignment of the note to the Bank of New York was ultimately 'cancelled' and plaintiff will be unable to plead around this fact . . . ." *Id*. Thus, the exact issue plaintiff seeks to litigate here has already been litigated in state court.

Plaintiff next contends that *res judicata* is inapplicable because Wells Fargo and its counsel "engaged in fraud upon the state court" by submitting "an altered copy of the original promissory note without the indorsement and assignment to" the Bank of New York. These averments of fraud do not allow plaintiff to avoid the preclusive effect of the state court judgment. *See Eichman*, 147 Cal. App. 3d at 1175 ("Fraud by a party will not undermine the conclusiveness of a judgment unless the fraud was extrinsic, i.e., it deprived the opposing party of the opportunity to appear and present his case. Therefore, a judgment does not lose its *res judicata* effect because it was entered while evidence was being suppressed.") (citations omitted). Furthermore, there is nothing suggesting that plaintiff could not have raised this same argument before the state court.

Lastly, plaintiff appears to contend that *res judicata* does not apply to his claims for rescission under TILA and § 1689 (claims I and II) because he did not learn the facts underlying these claims until September 2014. In his complaint, plaintiff claims that he has a "continuing right to rescind the loan transaction because the transaction was not consummated on August 21, 2006, because World Savings and the Bank of New York were not the actual sources of the loan funds." ECF No. 1 at ¶ 40. He claims that his consent to the term of the promissory note and the deed of trust were obtained by fraud because World Savings suggested that it "was the actual source of the loan funds" while suppressing "the actual source of the loan funds . . . ." *Id*. ¶¶ 41, 48. He claims that had he known that World Savings was not the actual source of the funds, he would not have consented to the loan transaction. *Id*. In his opposition, he claims that in

/////

9

September 2014 "he learned that investors and certificate holder of the World Savings Bank Trust were the actual sources of his loan funds." ECF No. 9 at 2.

Although plaintiff did not raise any claims for rescission in the state court action, "the doctrine of *res judicata* applies not only to those claims actually litigated in the first action but also to those which might have been litigated as part of that cause of action." *Clark v. Yosemite Community College Dist.*, 785 F.2d 781, 786 (9th Cir. 1986); *see Monterey Plaza Hotel Ltd. P'ship v. Local 483 of the Hotel Employees & rest. Employees Union, AFL-CIO*, 215 F.3d 923, 928 (9th Cir. 2000) ("While [plaintiff] may have added new acts to its federal complaint, the new allegations are insufficient to establish an independent or different primary right than that which the state courts have already addressed."). Even assuming that plaintiff did not learn the actual source of the loan funds in September 2014, plaintiff specifically alleges in his complaint that he "first became aware of and discovered the facts that World Savings was not the actual source of the loan funds, and not the lender under the promissory note and the beneficiary under the deed of trust, on April 4, 2013, when the original promissory note and deed of trust were produced for inspection and copying by Wells Fargo Bank." ECF No. 1 ¶ 43. Thus, plaintiff knew that World Savings was not the source of loan funds—the predicate fact for his rescission claims—in 2013. However, judgement in the state court action was not entered until October 21, 2013, nearly eight months after plaintiff's discovery of the facts underlying these claims. As plaintiff's claims under TILA and California Civil Code § 1689 could have been litigated in the state court action, they are barred by *res judicata*.[5]

V. Conclusion

Based on foregoing, the court finds that plaintiff's claims are barred by the doctrine of *res judicata*. Accordingly, it is hereby RECOMMENDED that:

1. Wells Fargo N.A.'s motion to dismiss (ECF No. 8) be granted;

2. Plaintiff's complaint be dismissed without leave to amend; and

/////

---

[5] In light of this finding, the court declines to address Wells Fargo's alternative arguments.

3. The Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 22, 2017.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE