UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS WITTE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>WELLS FARGO HOME MORTGAGE; WACHOVIA MORTGAGE; WELLS FARGO BANK, N.A.,<br><br>　　　　　Defendants. | No. 2:16-cv-00691-KJM-EFB<br><br>ORDER |

This wrongful foreclosure action is before the court on *pro se* plaintiff Thomas Witte's motion for reconsideration. Mot., ECF No. 34. Plaintiff sued Wells Fargo, N.A. in April 2016. ECF No. 1.[1] A month later, Wells Fargo moved to dismiss, arguing the case was barred by *res judicata* because plaintiff brought the same claims against Wells Fargo in state court. ECF No. 8. The magistrate judge, having judicially noticed the relevant state court proceedings, agreed. ECF No. 30 (issued Feb. 23, 2017). On March 28, 2017, over plaintiff's objection, this court adopted the magistrate judge's recommendation to dismiss plaintiff's complaint and closed this case. Prior Order, ECF No. 32; Judgment, ECF No. 33. Twenty-seven days later, on April

---

[1] Plaintiff names three separate defendants, yet each defendant is a single entity, Wells Fargo Bank, N.A. *See* Order, ECF No. 30 at 5 n.4.

1

24, 2017, plaintiff moved this court to reconsider its prior order. Mot., ECF No. 34. Wells Fargo opposed. ECF No. 35. Plaintiff filed a reply. ECF No. 36. For the following reasons, the court DENIES plaintiff's motion.

A party may move to "alter or amend a judgment" within twenty-eight days of the entry of the judgment. Fed. R. Civ. P. 59(e). Although the Rule does not list specific grounds for such a motion, the Ninth Circuit has said that a Rule 59(e) motion may be granted if "(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001). The court has "wide discretion" when considering such a motion. *Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003). The rule provides "an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quoting James Wm. Moore et al., Moore's Federal Practice § 59.30[4] (3d ed. 2000)); *see also Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983) (emphasizing a party moving for reconsideration should not ask the court "to rethink what the Court has already thought through.").

Here, plaintiff's reconsideration request identifies no newly discovered evidence, intervening changes in the law, or any manifest injustice. *See generally* Mot. Rather, plaintiff simply restates why he believes *res judicata* should not bar his claims and faults the magistrate judge for judicially noticing the relevant state court proceedings. *See id.* at 3-12. Plaintiff contends that considering outside material effectively transformed the dismissal proceeding into a summary judgment proceeding and deprived plaintiff of his right to meaningfully oppose. *See id.* at 15. Plaintiff has misconstrued the applicable judicial notice rules and has raised no grounds warranting reconsideration here.

/////
/////
/////

2

Plaintiff's motion for reconsideration is DENIED.

IT IS SO ORDERED.

This resolves ECF No. 34.

DATED: November 7, 2017.

_____
UNITED STATES DISTRICT JUDGE